IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DENNIS L. HAYES, <br><br> Defendant. | CR-22-84-GF-BMM <br><br><br> ORDER |

### INTRODUCTION

United States Magistrate Judge John Johnston ("Judge Johnston") found Defendant Dennis L. Hayes ("Hayes") guilty of having violated 36 C.F.R. § 261.10(a), "constructing or maintaining any kind of road, trail, significant surface disturbance, or other improvement on national forest system land without an approved operating plan or special use authorization," following a bench trial on October 6, 2022. (Doc. 20.) Hayes filed a notice of appeal on October 14, 2022. (Doc. 23.) The Court conducted a hearing on Hayes's appeal on December 14, 2022. (Doc. 37.)

### FACTUAL AND LEGAL BACKGROUND

Hayes has a valid, unpatented mining claim in Johnnie's Gulch, located on National Forest System land northeast of Helena, Montana. (Doc. 1-1 at 2.)

1

Johnnie's Gulch is "permanently closed to motorized use." (*Id.* at 2.) The United States Forest Service ("USFS") cited Hayes on July 31, 2021, under 36 C.F.R. § 261.10(A). (*Id.* at 1.) USFS alleged that Hayes had violated the federal regulations by using a Bobcat to "cut in" a road to his unpatented mining claim without a valid plan of operations. (*Id.*) The road Hayes had constructed measured between 8 and 10 feet in width, included vertical hillside cuts of 10 feet or higher, and stretched for approximately 0.4 miles. (*Id.*) USFS sent Hayes a letter ordering him to halt construction until a plan of operations had been established. (*Id.*)

Hayes appeared before United States Magistrate Judge John Johnston ("Judge Johnston") on June 9, 2022, for his initial appearance. (Doc. 4.) Hayes filed a motion on August 11, 2022, to request court-appointed counsel. (Doc. 15.) Judge Johnston denied the motion on September 12, 2022. (Doc. 18.) The order explained that Hayes was not entitled to counsel because the Government would not seek any term of imprisonment in the event that Hayes were found guilty. (*Id.* at 1.) Hayes filed another motion for court-appointed counsel on September 20, 2022. (Doc. 19.)

Magistrate Judge Johnston held a bench trial October 6, 2022. (Doc. 20.) Judge Johnston found Hayes guilty of violating 36 C.F.R. § 261.10(A) and imposed a fine of $280. (Doc. 21; Doc. 26.) Hayes's sentence involved no term of incarceration. (*Id.*) Hayes timely filed a notice of appeal on October 14, 2022.

(Doc. 23.) Hayes filed a brief in support of his appeal on November 15, 2022. (Doc. 32.) The Government opposes the appeal. (Doc. 35.)

## LEGAL STANDARD

The scope of appeal from a judgment of conviction by a magistrate judge proves identical to that taken from the judgment of a district court to a court of appeals. Fed. R. Crim. P. 58(g)(2)(D). A mixed question of law and fact concerns the proper application of undisputed facts to a legal rule. *Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982). Mixed questions of law and fact generally receive de novo review in the Ninth Circuit. *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004). Appellate courts review rulings on the admissibility of expert testimony under Fed. R. Civ. P. 702 for abuse of discretion. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141–43 (1997).

## DISCUSSION

Hayes has raised the following two issues in his notice of appeal: (1) whether Judge Johnston improperly denied Hayes's request for court-appointed counsel, and (2) whether Judge Johnston improperly excluded testimony from Hayes's proposed expert witness. (Doc. 32 at 1.) Hayes raised a third issue during the December 14, 2022, hearing: whether USFS possessed the authority to cite Hayes pursuant to 36 C.F.R. § 216.10(a). The Government objected to the Court's consideration of this third issue on the basis that Hayes had neglected to raise it in

his notice of appeal and that he had waived the opportunity to raise it at the appeal hearing. The Government's objection is well-taken. Court will consider all three issues, however, for the sake of completeness of the Record.

### I. Denial of Hayes's Request for Court-Appointed Counsel.

Hayes first argues that Magistrate Judge Johnston denied his requests for court-appointed counsel in violation of the Fifth and Sixth Amendments. (*Id.*; Doc. 36 at 1.) Hayes asserts that the Sixth Amendment guaranteed him a right to court-appointed counsel as a criminal defendant. Hayes relies on *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006), for the proposition that the Sixth Amendment prohibits a trial court from denying a criminal defendant's choice of counsel. (Doc. 32 at 1.)

The Government emphasizes that the Sixth Amendment right to court-appointed counsel only extends to indigent criminal defendants who face a term of incarceration should they be found guilty. (Doc. 35 at 4.) The Government argues that Hayes did not possess a Sixth Amendment right to court-appointed counsel because the prosecution did not seek any term of imprisonment in the case. (Doc. 35 at 4.) The Government additionally points out that *Gonzalez-Lopez* recognized a right to counsel of choice applies in the context of defendants who retain private counsel, not to indigent defendants who require court-appointed counsel. (*Id.* (citing 548 U.S. at 150–51).)

Hayes has failed to refute the Government's statement of the applicable legal requirements for an indigent defendant's Sixth Amendment right to court-appointed counsel to attach. The potential for imprisonment does not suffice: the prosecution must seek to impose actual imprisonment in a specific case. *Scott v. Illinois*, 440 U.S. 367, 373 (1979). The undisputed facts establish that the Government did not seek any term of incarceration in this matter. Hayes did not possess a Sixth Amendment right to court-appointed counsel because he faced no term of incarceration for the charged USFS violation. The Court finds, on de novo review, that Magistrate Judge Johnston properly denied Hayes's requests for court-appointed counsel. *Mathews*, 362 F.3d at 118.

II. **Exclusion of Testimony from Hayes's Proposed Expert Witness.**

Hayes next argues that Magistrate Judge Johnston improperly excluded testimony from his proposed expert. (Doc. 32 at 1.) Hayes called Steven Hicks ("Hicks") as an expert witness. (Doc. 31 at 51–52.) Magistrate Judge Johnston allowed Hicks to testify as an expert to any factual disputes relevant to the case pursuant to Fed. R. Evid. 702. (*Id.* at 52–53.)

Hayes also attempted to enter into evidence a 2009 case involving Hicks. *See United States v. Hicks*, No. MCR 08-5050-M-JCL, WL 256419, at *1–2 (D. Mont. Jan 9, 2009). The magistrate judge dismissed the citation on the basis that the mining activities Hicks had been conducting on his mining claim did not

require a special-use authorization. *Id.* at *2. Hayes argues that Hicks's case proves relevant because it concerned a mining claim less than 20 miles from Hayes's claim. (Doc. 36 at 1.) Hayes additionally claims that Magistrate Judge Johnston "foreclosed" Hicks from revealing facts that would have been relevant to the facts of Hayes's case. (*Id.* at 2.) Hayes fails to specify what these facts would have been. The Government maintains that Magistrate Judge Johnston properly excluded Hicks's testimony as irrelevant. (Doc. 35 at 6.)

The excluded testimony from Hicks possessed no relevance to the USFS citation at issue in Hayes's case for two separate reasons. First, USFS cited Hicks under 36 C.F.R. § 216.10(c), a different regulatory provision from the provision at issue in Hayes's case (36 C.F.R. § 216.10(a)). The regulation at issue in Hicks's case, 36 C.F.R. § 216.10(c), concerns special-use authorization requirements for commercial and work activity. The federal regulations exempt certain mining activities from this special-use authorization requirement. 36 C.F.R. §§ 251, 228. Hayes's citation under 36 C.F.R. § 216.10(a), by contrast, concerned his construction of a road without an approved plan of operations.

Second, Hicks failed to offer any opinions related to the facts at issue in Hayes's case. (Doc. 31 at 52–54.) Hayes instead sought to ask Hicks for his personal opinions about unfair treatment by USFS and to introduce Hicks's unrelated case. (*Id.*) Hayes stated during the December 14, 2022, motion hearing

6

that he had not discussed the contents of Hicks's proposed testimony with him before the trial. Hayes admitted that he had no knowledge to what Hicks would have testified had he been permitted. Hayes's bare assertion that Magistrate Judge Johnston "foreclosed" Hicks from revealing relevant facts fails.

The Court finds that Magistrate Judge Johnston did not abuse his discretion in excluding opinion testimony from Hicks. *Gen. Elec. Co.*, 522 U.S. at 141–43.

### III.  Applicability of 36 C.F.R. § 216.10(a) to Hayes's Conduct.

Hayes raised a third argument during the December 14, 2022, appeal hearing. (Doc. 37) Hayes asserted that USFS improperly had cited him under 36 C.F.R. § 216.10(a). Hayes argued that USFS lacked the authority to cite him under this provision on the basis that no "significant disturbance" could occur without the presence of surface-level water, and Hayes's claim contained no such water. The Government objected on the basis that Hayes had failed to raise this argument in his notice of appeal and that he had waived his right to raise it before the Court.

USFS cited Hayes pursuant to 36 C.F.R. § 216.10(a) for "constructing or maintaining *any kind of road*, trail, significant surface disturbance, or other improvement on National Forest System land without an approved operating plan or special use authorization." (Doc. 1-1 at 1 (emphasis added).) The phrase "will likely cause significant disturbance of surface resources" means that a "District Ranger reasonably expects that the proposed operations would result in impacts

7

which more probably than not need to be avoided or ameliorated . . . to minimize adverse environmental impacts to NFS resources." 70 Fed. Register 107 (June 6, 2005).

Hayes does not dispute that he lacked a valid plan of operations at the time he constructed the road on his unpatented mining claim. Hayes argues instead that that the applicability of 36 C.F.R. 216.10(a)'s plan of operations requirement turns on the presence of riparian areas. Hayes reasons that USFS cited him improperly because Johnnie's Gulch contains no riparian areas.

This argument proves unavailing. The presence or absence of water in the area of the mining claim on which Hayes constructed the road has no impact on the applicability of the federal regulations. The 0.4-mile-long road that Hayes constructed on his unpatented mining claim qualifies as "any type of road" on National Forest System land for purposes of 36 C.F.R. 216.10(a). The Court finds, on de novo review, that Magistrate Judge Johnston properly determined that 36 C.F.R. 216.10(a) applied to Hayes's construction of a road without an approved plan of operations and that the issue of riparian areas proved irrelevant to the application of the legal standard. *Mathews*, 362 F.3d at 118.

Each of Hayes's grounds for appeal lacks merit. The Court will dismiss Hayes's appeal and affirm the judgment of Magistrate Judge Johnston.

**ORDER**

Accordingly, **IT IS ORDERED:**

1. The Amended Judgment (Doc. 26) of the Honorable John Johnston is **AFFIRMED.** Hayes's Appeal (Doc. 23) is **DISMISSED.**

2. The Clerk shall enter judgment in favor of the Government.

DATED this 5th day of January, 2023.

_____

Brian Morris, Chief District Judge
United States District Court